**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

---

JIMINY PEAK MOUNTAIN RESORT, LLC,
    Plaintiff,

v().

WIEGAND SPORTS, LLC, and
NAVIGATORS SPECIALTY INSURANCE CO.,
    Defendants.

C.A. NO:

---

## COMPLAINT FOR DECLARATORY JUDGMENT

### NATURE OF ACTION

1.    This Complaint is a request for judgment declaring that defendants Wiegand Sports, LLC (hereinafter "Wiegand") and/or Navigators Specialty Insurance Company (hereinafter "Navigators") are required to defend plaintiff Jiminy Peak Mountain Resort, LLC (hereinafter "Jiminy") relative to the claims brought in the currently-pending case entitled *Christine Catapano, Individually and in her Capacity as Mother and Natural Guardian of D.C., an infant, and John Catapano, Individually and in his Capacity as Father and Natural Guardian of M.C., an infant vs. Jiminy and Wiegand*, United States District Court for the District of Massachusetts, Civil Action No. 13-30108-MGM (the "Action").

### JURISDICTION AND VENUE

2.    Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). An actual controversy exists between the parties and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202,

this Court is vested with the power to declare the rights and liabilities of the parties and to grant such relief as it deems necessary and proper.

3. Diversity jurisdiction exists because (a) there is complete diversity of citizenship between the parties and (b) the amount in controversy exceeds $75,000.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2) because the accident at issue occurred here and plaintiff Jiminy has its principal place of business here.

5. In addition, this action arises out of a contract between Wiegand and Jiminy, and pursuant to said contract, any such disputes must be adjudicated in this district.

## PARTIES

6. Jiminy is a recreational resort with its principal place of business in Hancock, Massachusetts.

7. Wiegand is a dealer and distributor of various types of recreational slides and coasters with its principal place of business in Salt Lake City, Utah.

8. Navigators is an insurance company incorporated in Delaware and with its principal executive offices in Stamford, Connecticut.

## BACKGROUND/FACTUAL ALLEGATIONS

9. On or about December 2, 2005, Jiminy contracted with Wiegand for the purchase, delivery, assembly and inspection of a Wiegand Alpine Coaster (hereinafter "Coaster") to be installed at Jiminy's resort in Hancock, Massachusetts. See Consulting, Purchase, Delivery, Assembly and Inspection Contract (hereinafter "Contract"), attached hereto as **Exhibit A**.

10. The Contract provided for Wiegand to design the Coaster according to certain specifications and then assemble, install and inspect the Coaster. See Exhibit A.

11. The Contract provided for Wiegand to purchase product liability insurance for the Coaster and to name Jiminy as an additional insured on said policy. See Exhibit A.

12. The Contract contains an indemnification provision (section 12.A.(1)), which states as follows:

> In the event of [Wiegand's] breach of the warranty given in Section 10, or default by [Wiegand] of any other term hereunder, or in the event of a product liability suit against [Wiegand], [Wiegand] shall, at its own expense, defend any suit or proceeding brought against [Jiminy] and shall fully protect and indemnify [Jiminy] against any and all losses, liability, cost, recovery, or other expense in or resulting from such breach, default or suit (provided, however, [Jiminy] has fully performed all ongoing maintenance obligations). [Jiminy] shall give prompt notice of or [sic] claim of such suit and [Jiminy] agrees to cooperate with [Wiegand] to enable it to make such defense.

See Exhibit A.

13. The Coaster was installed at Jiminy in or about April, 2006.

14. The Coaster was opened to the public in or about July, 2006.

15. On or about April 16, 2013, plaintiffs D.C. and M.C. filed actions in the United States District Court for the Eastern District of New York, which were eventually consolidated into the single Action and transferred to the District of Massachusetts. See Action, attached hereto as **Exhibit B**.

16. According to the Action, on August 12, 2012, D.C. and M.C. sustained physical and emotional injuries while riding on the Coaster. See Exhibit B.

17. On August 12, 2012, Wiegand was insured by Navigators under policy number CE12CGL085666IC, effective from March 1, 2012 through March 1, 2013 (the "Policy"). See Wiegand's Policy, attached hereto as **Exhibit C**.

18. The Policy provided coverage to Wiegand for damages to bodily injury. See Exhibit C.

19. The Policy also provided coverage for liability for damages for bodily injury "assumed in a contract or agreement that is an 'insured contract.'" See Exhibit C.

20. The Policy stated that "reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages . . ." provided that Wiegand assumed liability for that party's defense in the same "insured contract," and the fees and expenses were for defense of that party in a proceeding "in which damages to which this insurance applies are alleged." See Exhibit C.

21. The Policy defines an insured contract as:

> That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" . . . to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

See Exhibit C.

22. The Policy's definition of an insured contract includes several exceptions, none of which are applicable to the Contract between Wiegand and Jiminy. See Exhibit C.

23. The Action names Jiminy and Wiegand as defendants. See Exhibit B.

24. The Action asserts claims of negligence and loss of consortium against Jiminy. See Exhibit B.

25. The Action asserts claims of negligence, loss of consortium, failure to warn, design defect, and breach of the implied warranty of merchantability against Wiegand. See Exhibit B.

26. The Action also seeks punitive damages from both defendants. See Exhibit B.

27. On July 11, 2013, Jiminy tendered to Wiegand a demand for defense and indemnity pursuant to Section 12.A.(1) of the Contract, and for common-law indemnity. See July 11, 2013 Tender Letter, attached hereto as **Exhibit D**.

28. On August 15, 2013, Wiegand rejected Jiminy's tender on the grounds that Jiminy was grossly negligent and engaged in willful misconduct and was thus required to indemnify and defend Wiegand under the Contract. See August 15, 2013 Denial Letter, attached hereto as **Exhibit E**.

29. On September 5, 2013, Jiminy renewed its demand to Wiegand for defense under the Contract and indemnity pursuant to the Contract and common-law indemnity. See September 5, 2013 Renewed Demand Letter, attached hereto as **Exhibit F.**

30. To date, Wiegand has not responded to the Renewed Demand.

## COUNT I – DECLARATORY RELIEF SEEKING DEFENSE BY WIEGAND

31. Jiminy restates and realleges the allegations contained in paragraphs 1 through 30 as if fully stated herein.

32. An actual controversy within the jurisdiction of this Court exists between Jiminy and Wiegand as to whether Wiegand is obligated to defend Jiminy in the Action pursuant to the terms of the Contract.

33. The Contract states that in the event a product liability suit is brought against Wiegand, Wiegand shall defend Jiminy against any "suit or proceeding" brought against Jiminy, provided Jiminy has performed its maintenance obligations.

34. The Contract provides that Jiminy shall promptly notify Wiegand of such suit and shall cooperate with Wiegand to enable it to provide said defense.

35. The Action alleges product liability claims against Wiegand.

36. The Action does not allege any claims against Jiminy regarding or relating to the maintenance of the Coaster.

37. Jiminy and Wiegand were notified of the Action contemporaneously.

38. Jiminy is entitled to defense in the Action from Wiegand because all of the prerequisites to Wiegand's contractual obligation to defend Jiminy have been fulfilled.

39. By reason of the foregoing, a declaration should be made that Jiminy is entitled to its past and future defense costs incurred in defending against the Action.

**COUNT II – DECLARATORY RELIEF SEEKING DEFENSE BY NAVIGATORS**

40. Jiminy restates and realleges the allegations contained in paragraphs 1 through 39 as if fully stated herein.

41. An actual controversy within the jurisdiction of this Court exists between Jiminy and Navigators as to whether Navigators is obligated to defend Jiminy in the Action pursuant to the terms of the Contract and of the Policy.

42. The Policy states that it shall provide coverage, including attorney fees and litigation expenses, to a party with which Wiegand has a contract and in such contract has assumed liability for bodily injury damages.

43. The Contract between Wiegand and Jiminy qualifies as an insured contract under the Policy.

44. In the Contract, Wiegand assumed liability for Jiminy's defense against claims such as those contained in the Action.

45. Jiminy is entitled to defense from Navigators because its Contract with Wiegand is covered under the Policy.

46. By reason of the foregoing, a declaration should be made that Jiminy is entitled to its past and future defense costs incurred in defending against the Action.

## PRAYER FOR RELIEF

WHEREFORE, Jiminy respectfully requests that this Court enter judgment in favor of Jiminy and against Wiegand and Navigators as follows:

(a) A declaration that Wiegand is contractually obligated to defend Jiminy from and against all claims in the Action;

(b) A declaration that Navigators is obligated under the Policy to defend Jiminy from and against all claims in the Action;

(c) An award of the defense fees incurred by Jiminy from the date of filing of the Action, with pre-judgment interest;

(d) Attorneys' fees and costs incurred in relation to filing this Declaratory Judgment Complaint; and

(e) Such other relief as the Court deems fair and just.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**Attorneys for Plaintiff,
JIMINY PEAK MOUNTAIN RESORT, LLC**
By its attorneys,


\_\_\_\_\_/s/ Richard J. Shea_____
Richard J. Shea (BBO: #456310)
Jennifer B. Hardy (BBO: #634494)
Matthew D. Sweet (BBO: #676083)
Hamel, Marcin, Dunn, Reardon & Shea, P.C.
24 Federal Street, 11th Floor
Boston, Massachusetts 02110
Telephone:  (617) 482-0007
Facsimile:  (617) 451-7866
rshea@hmdrslaw.com
jhardy@hmdrslaw.com
msweet@hmdrslaw.com

Dated: August 20, 2014