# **EXHIBIT D**



**HAMEL MARCIN DUNN REARDON & SHEA, PC**
ATTORNEYS AT LAW

JOHN J. REARDON
VINCENT P. DUNN *(NH)
DONNA M. MARCIN
ROBERT R. HAMEL, JR.
RICHARD J. SHEA

MEGAN E. KURES
KENNETH R. KOHLBERG *(RI)
MATTHEW GRYGORCEWICZ
MAUREEN E. LANE *(NH)
ALEXANDRA R. POWER
LISA R. WICHTER *(NY)
CHRISTIE J. BURNETT *(NH)
RYAN D. MCCARTHY
MATTHEW D. SWEET
JENNIFER C. SHEEHAN

OF COUNSEL
JENNIFER B. HARDY
SEEMA M. LYNCH
PATRICK M. MULLINS (CT ONLY)
DAVID J. GENTILE (RI ONLY)

*ALSO ADMITTED

July 11, 2013

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*

Joseph Illiano
Senior Claims Specialist
Navigators Management Company
1375 E. Woodfield Road, Suite 720
Shaumburg, IL 60173

Larry Hays
Wiegand Sports LLC
3573 Apple Mill Cove, Suite 6
Salt Lake City, Utah 84109

Re: *Danielle Catapano, et al. v. Jiminy Peak Mountain Resort, LLC, et al.*
*Federal District Court, C.A. No. 3:13-cv-30108 KPN & C.A. No. 3:13-cv-30119-MAP*
Your policyholder: Wiegand Sports, LLC
Your Policy No.: CE12CGL086666IC
Your claim number: CGL238141

Dear Mr. Illiano and Mr. Hays:

Please be advised that this office represents Jiminy Peak Mountain Resort, LLC ("Jiminy Peak") in the above referenced civil actions. We are writing today to demand that Wiegand Sports, LLC ("Wiegand"), in accordance with its common law duty of indemnification, implied contractual indemnification obligations, as well as its express contractual obligations as set forth in the Consulting, Purchase, Delivery, Assembly, and Inspection Contract with Jiminy Peak, promptly agree to defend and indemnify Jiminy Peak with respect to the plaintiffs' claims in this matter.

As we believe you are aware, on or about April 16, 2013 and April 19, 2013, respectively, the plaintiffs, Danielle Catapano, an infant by her mother and natural guardian, Christine Catapano, and Melissa Catapano, an infant by her father and natural guardian, John Catapano, (the "Plaintiffs") each filed a complaint in the United States District Court for the Eastern District of New York against Jiminy Peak and Wiegand. (See **Exhibit A**, Complaints). Both of those civil actions have been subsequently transferred to the United States District Court for the District of Massachusetts (Springfield). The Plaintiffs have alleged claims for negligence against Jiminy Peak and product liability claims against Wiegand for injuries the Plaintiffs allegedly sustained while riding a Wiegand Mountain Coaster that was part of the Mountain Adventure Park located at the Jiminy Peak Mountain Resort located in Hancock, Massachusetts.

With respect to Jiminy Peak's demand for defense and indemnity, on or about December 2, 2005, Wiegand and Jiminy Peak entered into a certain Consulting, Purchase, Delivery, Assembly, and Inspection Contract (the "Contract"). (See **Exhibit B**, Contract).

Paragraph 12 (A)(1) of the Contract reads as follows:

> In the event of SELLER's breach of the warranty given in Section 10, or default by SELLER of any other term hereunder, **or in the event of a product liability suit against SELLER, SELLER shall, at its own expense, defend any suit or proceeding brought against BUYER and shall fully protect and indemnify BUYER** against any and all losses, liability, cost, recovery, or other expense in or resulting from such breach, default, or suit (provided, however, BUYER has fully performed all ongoing maintenance obligations). BUYER shall give prompt notice of or claim of such suit and BUYER agrees to cooperate with SELLER to enable it to make such defense. (emphasis supplied).

As noted above, the Plaintiffs' complaints state product liability claims against Wiegand. As such, Paragraph 12(A)(1) of the Purchase and Sale Agreement requires Wiegand to defend and indemnify Jiminy Peak with respect to the Plaintiffs' allegations.

Additionally, please note that Paragraph 8(j) details Wiegand's insurance obligations under the Contract:

> Product Liability Insurance. SELLER will purchase product liability insurance for the Alpine Coaster, which is based on the Project Price plus installation costs. In order to cover a portion of the insurance costs, BUYER agrees to pay the SELLER five percent (5%) of the aggregate of the price of the Alpine Coaster plus installation costs, upon presentation of invoice therefore from SELLER. **BUYER shall be an additional insured on the policy.** In the event SELLER chooses to renew for additional periods, BUYER shall have the option to remain an additional Insured, based on the same premium ratio as stated in this Section 8(j). In addition, BUYER will maintain personal injury insurance at its own expense at all times so long as BUYER operates Wiegand sports facilities at the Jiminy Peak Mountain Resort site.

Based on the clear language of Paragraph 8(j) above, Jiminy Peak was to be named as an additional insured under Wiegand's product liability insurance policy. Kindly confirm that Jiminy Peak is so named as an additional insured and further that you will be providing coverage to Jiminy Peak with respect to the defense of the Plaintiffs' claims under Wiegand's product liability insurance policy.

Additionally, any product liability related allegation made by the Plaintiffs in this matter would be the responsibility of Wiegand as the designer, seller and manufacture of the Mountain Coaster. As such, Wiegand owes a duty of common law indemnity to Jiminy Peak based on the

product liability claims asserted by the Plaintiffs. *See Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 395 Mass. 366 (1985)*. Further, given that the Plaintiffs' allegations appear to arise out of Wiegand's breach of its obligations under the terms of the Contract, Wiegand also has implied contractual indemnification obligations to Jiminy Peak in addition to any explicit contractual rights under the contract. *See Great Atlantic and Pacific Tea Co. v. Yanofsky*, 380 Mass. 326 (1980).

In short, please confirm that Wiegand will comply with its defense and indemnity obligations to Jiminy Peak pursuant to its common law obligations, implied contractual obligations, and the terms of the Contract.

Thank you in advance for your anticipated prompt attention and response to this matter. Please direct any further correspondence with respect to this matter to the attention of this office.

        Very truly yours,

        *Richard J. Shea / (MDS)*

        Richard J. Shea
        Jennifer B. Hardy

MDS/

cc:    Frank Ciano, Esq. (w/ attachments)
       Jeffrey E. Poindexter, Esq. (w/ attachments)
       Michael Roundy, Esq. (w/ attachments)