# EXHIBIT E



**GOLDBERG SEGALLA**<sup>LLP</sup>

**Frank J. Ciano | Partner**
Direct 914.798.5410 | fciano@goldbergsegalla.com
Cell: 914.830.2038

August 15, 2013

**VIA EMAIL**

Richard J. Shea, Esq.
Hamel Marcin Dunn Reardon & Shea, P.C.
24 Federal Street
Boston, MA 02110

    Re:    Melissa Catapano, et al. v. Jiminy Peak Mountain
            Resort, LLC and Wiegand Sports, LLC
         Danielle Catapano, et al. v. Jiminy Peak Mountain
            Resort, LLC and Wiegand Sports, LLC
         GS File No.:   11408.0020

Dear Mr. Shea:

      As you know we have been retained to represent Wiegand Sports, LLC ("Wiegand") in this matter. We have received your letter demanding that Wiegand defend and indemnify Jiminy Peak with respect to the plaintiffs' claims. My client hereby rejects this demand pursuant to the terms of the Consulting, Purchase, Delivery, Assembly, and Inspection Contract (the "Contract") entered into between Wiegand and Jiminy Peak Mountain Resort, LLC ("Jiminy Peak") on December 2, 2005.

      Paragraph 12(A)(2) of the contract reads as follows:

> BUYER (Jiminy Peak) agrees to protect, indemnify, defend and hold SELLER (Wiegand) harmless from and against any and all losses of SELLER arising out of or sustained, in each case, directly or indirectly, from any breach of representation, covenant of BUYER made herein or any default by BUYER hereunder, including without limitation, from defective/bad maintenance and/or operation of the Alpine Coaster caused by BUYER's gross negligence or willful misconduct, (except to the extent such maintenance and/or operation was in conformity with SELLER's operation and maintenance specifications or recommendations), or non-compliance with applicable law.

      As you are aware, plaintiffs' in this action have alleged that Jiminy Peak permitted plaintiff, Melissa Catapano ("Melissa"), to defeat the shoulder harness by placing it behind her. It is also alleged that Jiminy Peak failed to take any steps to insure Melissa properly utilized the shoulder harness, failed to stop Melissa from defeating the harness, failed to properly train its ride attendants, and failed to provide sufficient warning and/or instruction with the regard to the coasterbob.

11 Martine Avenue, Suite 750 | White Plains, New York 10606-1934 | 914.798.5400 | Fax 914.798.5401 | www.GoldbergSegalla.com

NEW YORK | LONDON | PHILADELPHIA | PRINCETON | HARTFORD | BUFFALO | ROCHESTER | SYRACUSE | ALBANY | WHITE PLAINS | GARDEN CITY

Richard J. Shea, Esq.
August 15, 2013
Page 2

      Therefore, based on the clear contractual language, Jiminy Peak is obligated to defend and indemnify Wiegand, as this loss was the result of Jiminy Peak's gross negligence and willful misconduct in properly maintaining and operating the Alpine Coaster which led to plaintiff's injuries.

      Please confirm that Jiminy Peak will comply with its contractual obligations to defend and indemnify Wiegand. We thank you in advance for your prompt attention to this matter.

                            Very truly yours

                            Frank J. Ciano
                            Ian C. Lindars

FJC/ICL/sl

380397.1