# EXHIBIT F



# HMDR&S
## HAMEL MARCIN DUNN REARDON & SHEA, PC
### ATTORNEYS AT LAW

JOHN J. REARDON
VINCENT P. DUNN *(NH)
DONNA M. MARCIN
ROBERT R. HAMEL, JR.
RICHARD J. SHEA

MEGAN E. KURES
KENNETH R. KOHLBERG *(RI)
MATTHEW GRYGORCEWICZ
MAUREEN E. LANE *(NH)
ALEXANDRA R. POWER
LISA R. WICHTER *(NY)
CHRISTIE J. BURNETT *(NH)
RYAN D. MCCARTHY
MATTHEW D. SWEET
JENNIFER C. SHEEHAN

OF COUNSEL
JENNIFER B. HARDY
SEEMA M. LYNCH
PATRICK M. MULLINS (CT ONLY)
DAVID J. GENTILE (RI ONLY)

*ALSO ADMITTED

September 5, 2013

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
Frank J. Ciano, Esq.
Goldberg Segalla LLP
170 Hamilton Avenue, Suite 203
White Plains, NY 10601

Re: Danielle Catapano, et al. v. Jiminy Peak Mountain Resort, LLC, et al.
Federal District Court, C.A. No. 3:13-cv-30108 KPN & C.A. No. 3:13-cv-30119-MAP

Dear Frank:

Please be advised that we are in receipt of your letter dated August 15, 2013 sent on behalf of your client, Wiegand Sports, LLC ("Wiegand"). We have carefully reviewed your letter and please note that our client, Jiminy Peak Mountain Resort, LLC ("Jiminy Peak"), hereby rejects Wiegand's demand for defense and indemnity.

As grounds for this denial, we note that there has been absolutely no evidence presented as to any alleged gross negligence and/or willful misconduct on behalf of Jiminy Peak in its maintenance and/or operation of the Wiegand Mountain Coaster. Quite tellingly, the Plaintiffs make no allegation against Jiminy Peak based on gross negligence and/or willful misconduct, as the allegations against Jiminy Peak sound in ordinary negligence only. *See Davis v. Walent*, 16 Mass. App. Ct. 83, 92 (1983) (finding that gross negligence is substantially and appreciably higher than ordinary negligence). Similarly, the allegations in Wiegand's cross-claim do not include any allegations of gross negligence and/or willful misconduct on behalf of Jiminy Peak.

Further, paragraph 12(A)(2) of the Consulting, Purchase, Delivery, Assembly and Inspection Contract between Wiegand and Jiminy Peak dated December 2, 2005 (the "Contract"), as quoted in your August 15, 2013 letter, does not apply with respect to the Plaintiffs' claims. Under paragraph 12(A)(2), Jiminy Peak is not required to defend and indemnify Wiegand if the maintenance and/or operation of the Wiegand Mountain Coaster "was in conformity with [Wiegand's] operation and maintenance specifications or recommendations." Not surprisingly, there has been absolutely no allegation

that Jiminy Peak failed to maintain and/or operate the Mountain Coaster in conformity with Wiegand's operation and maintenance specifications or recommendations. For these reasons, Jiminy Peak hereby rejects Wiegand's demand for defense and indemnity.

We also hereby request that your client reexamine its defense and indemnity obligations under the terms of the Contract. Under the clear language of paragraph 12(A)(1) of the Contract, Wiegand's defense and indemnity obligation is triggered merely by the filing of a product liability suit against it. Once such a filing is made, Wiegand has agreed to defend and indemnify Jiminy Peak with respect to "any suit or proceeding" brought against Jiminy Peak. There is no requirement of a showing of anything other than the initiation of a product liability suit against Wiegand to trigger this obligation, a showing that is clearly met here by the filing of the Plaintiffs' lawsuits. As such, Jiminy Peak reiterates its demand for Wiegand to defend and indemnify it based on the clear language of the Contract.

Additionally, your letter of August 15, 2013, did not address Wiegand's insurance obligations under the Contract. As referenced in our previous letter, the clear language of Paragraph 8(j) of the Contract required that Wiegand name Jiminy Peak as an additional insured under Wiegand's product liability insurance policy. It is well settled that the duty to defend is broader than the duty to indemnify. *Doe v. Liberty Mut. Ins. Co.*, 423 Mass. 366, 369 (1996). As such, even if Wiegand denies a duty to indemnify Jiminy Peak, which we suggest in fact exists, Wiegand still has a duty to defend Jiminy Peak as to the Plaintiffs' claims based on Jiminy Peak being named an additional insured under Wiegand's policy. Kindly confirm that Jiminy Peak is so named as an additional insured and further that you will be providing coverage to Jiminy Peak with respect to the defense of the Plaintiffs' claims under Wiegand's product liability policy.

Further, you failed to address Wiegand's duty of common law indemnity and its implied contractual indemnification obligations to Jiminy Peak. As stated in our previous letter, Wiegand owes a duty of common law indemnity to Jiminy Peak based on the product liability claims asserted by the Plaintiffs. *See Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A.*, 395 Mass. 366 (1985). Further, given that the Plaintiffs' allegations appear to arise out of Wiegand's breach of its obligations under the terms of the Contract, Wiegand also has implied contractual indemnification obligations to Jiminy Peak in addition to any explicit contractual rights under the contract. *See Great Atlantic and Pacific Tea Co. v. Yanofsky*, 380 Mass. 326 (1980).

In short, we again request that you confirm that Wiegand will comply with its defense and indemnity obligations to Jiminy Peak pursuant to its common law obligations, implied contractual obligations, and the terms of the Contract.

Thank you in advance for your anticipated prompt attention and response to this matter.

Very truly yours,

*[signature]*

Richard J. Shea
Matthew D. Sweet